*NICHOL* vs. *DE ENDE.*†

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. The plaintiff and appellant seeks to re-

The sheriff may, at any time, be allowed to perfect his return, by signing it.
The indorsee of a note, secured by a mort-

---

† This opinion was delivered in June, 1823, and was accidentally omitted to be printed among the cases of that term.

cover a lot of ground in the Fauxbourg Clouet. In support of his claim, he sets forth in his petition an authentic act of sale, in which a mortgage is retained to secure the payment of the price, for which a note was given, endorsed by one Miller.

East'n. District.
*Jan'y.* 1825.

NICHOL
*vs.*
DE ENDE,

gage, may, after he has paid it, have an order of seizure and sale; but he must prove the facts that entitle him to do so, by evidence of as high a nature, as the deed of mortgage.

The defendant claims under a sheriff's deed to him executed, as evidence of a sale, made under an order of seizure, or execution, &c., issued at the instance of the endorser, who states he was compelled to pay nearly the whole amount of the note, when it became due, on account of the failure of the maker to pay, according to the terms of his contract with the vendor and mortgagee.

Miller, in his petition for the order of seizure and sale, claimed the right of being subrogated to the claim of the mortgagee, in this summary mode of proceeding. It was allowed him, as appears by the record of the proceedings, in that suit, which was introduced in evidence in the present.

A bill of exceptions was taken to the introduction of it, as the present plaintiff was not a party to the suit, as he had not been legally cited therein.

On the same ground, the introduction of the sheriff's deed was opposed.

East'n District.
*Jan'y.* 1825.

NICHOL
*vs.*
DE ENDE.

There is also a second bill of exceptions, founded on the impropriety of permitting the sheriff to perfect his return of the citation in Miller's suit, by affixing his signature to it, after the beginning of the present suit. The names of the parties in the present suit, indicate the present plaintiff to have been the defendant. Whether he was really such, cannot appear from the examination of the proceeding, as exhibited by the record of that case, and for this purpose, at least, it was properly received in evidence.

As to the objection made, to the sheriff being permitted to perfect his return by signing it, *nunc pro tunc*, we can perceive no good ground of complaint; provided he was restrained from materially altering the substance of the return.

We are of opinion the record was properly received in evidence in the present suit.

The third bill of exceptions ought to be supported. For, parol proof, as to the acquiescence of the plaintiff, in the forced judicial sale of his property, ought not to have been admitted; as the thing sold was immoveable, and could be transferred by writing only, and what was said before or after the execution of the instrument, could not be proved; but we find no such evidence on the record.

The opinion of the judge *a quo*, in relation to a fourth bill of exceptions taken up by the defendant, we believe to be correct. Miller had such an interest as ought to exclude him from testifying—as the title of Nichol, evidenced by an authentic act, cannot now be disputed, (both parties claiming under it)—it remains only to examine now, the validity of the sheriff's deed to the plaintiff, based on the proceedings wich took place in the suit of Miller against the present plaintiff.

The doctrine on the subject of fraudulent alienation of property, resulting from the effects of judgments and executions, has been fully developed in the case of *Dufour* vs. *Camfrancq*, 11 *Martin*. 607, and any attempt to enlarge on it, is deemed useless.

We there have held, that the validity of a judgment, rendered by a court of competent jurisdiction, could not be enquired into collaterally, as was attempted in that suit, which is similar to to the present. In the former case, it was also decided, that a sheriff's sale, under an execution, unsupported by a judgment corresponding with it, is without authority, and conveys no title to the purchaser.

In the case now under consideration, our

first enquiry must be in relation to the exist-
ence of any judgment, in favor of Miller,
against the present plaintiff, in pursuance of
which the property of the latter was seized and
sold, by the sheriff to the present defendant.

The original act of sale, under which both
parties claim, wherein the vendor retained
a mortgage, for the payment of the note
given for the price, would have authorised a
summary proceeding by seizure and sale, in
favor of the vendor and mortgagee; because, in
relation to him, the act is public and authentic,
and such an instrument as causes in itself *apa-
rajeda execucion*, and only required the *fiat* of
the judge to authorise the execution.

Miller being bound as endorser, for the
mortgagor of the property, and maker of the
note, had an interest to discharge it, and was,
*ipso facto*, subrogated by law to the rights of
the creditor, against the principal debtor. *Civ-
Code*, 290.

All means of compelling the debtor to refund
to him (the endorser,) the money thus paid on
his account, which belonged to the creditor,
were, by operation of law, transferred to the
payor. He could sue, without express autho-
rity from the creditor. But, in order to entitle

himself to the same extraordinary mode of proceeding, by an order of seizure and sale, it was necessary to shew the payment, by evidence of equal dignity, as that by which the debt was contracted.

It is perhaps true, that the implied confession of judgment inherent in notarial acts of mortgage, forms the basis of the judge's order under which the mortgaged property is seized and sold, without requiring mortgage creditors to pursue the more tedious remedy by ordinary suit, on such instruments. But as stated in the case of *Tilghman* vs. *Dean*, 12 *Martin*, 695, no execution can issue on such confession of judgment, unless by judicial order. It is hardly possible to imagine a case in which a judge acts ministerially. An order to a sheriff (issued by a judge,) to seize and sell property, is clearly a judicial decree, which ought to be based on proper evidence, and in case of hypothecation, according to our law, this evidence may be *ex parte*. A person, who mortgages his property to secure the payment of a debt, subjects himself to the inconvenience of having such property seized and sold, without citing him to defend his right. If this privilege of a mortgage creditor be by operation of

law conferred to a third person, as in the case of subrogation, expressed in the *Civil Code* above cited, the latter may exercise it *ex parte*, in the same manner as the former, on the production of proper evidence to support his claim. But the authenticity and legal effect of such evidence is a matter for the judge to decide on, who is about to decree, and should he err in relation thereto, we know no relief for such error, except by appeal or action of nullity, if that remedy be still authorized by our jurisprudence, as heretofore stated in the case of *Dufour* vs. *Camfrancq*. It does seem somewhat hard to seize and sell a man's property without calling him in judgment, and that the sheriff's levy should be the first notice to him that he has failed to comply with his contract. But such is the legal effect of a mortgage contract, and he ought to have considered the consequence before he bound himself with such solemnity. Besides a man is not supposed to be absent from or inattentive to his property; and if any irregularity or illegality take place in this extraordinary mode of immediate execution, the order of the judge, on proper application, would be suspended; or in all events a defendant in execution could bring

his cause before the tribunals of the state so as to have his rights investigated, as in ordinary suits.

In the present case, although it is probable that the order under which the lot in dispute was seized and sold, may have been granted on insufficient evidence. Yet as it is a judgment rendered by competent authority, and has not been appealed from or in any other manner invalidated, we are of opinion that the property seized and sold under it was regularly sold by the force and effect of a legal judgment, and execution, and consequently has been alienated and transferred to the present defendant.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Preston* for the plaintiff, *Carleton* for the defendant.